**Luther MASSENGALE, Appellee,**

v.

**Richard HICKS and Hicks & Associates, Inc., Appellants.**

Court of Appeals of Tennessee, Eastern Section.

June 25, 1982.

Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

H. Stan Guthrie of Morgan, Garner, Wood & Guthrie, Chattanooga, for appellants.

Clarence Shattuck of Shattuck & Durby, Chattanooga, for appellee.

## OPINION

PARROTT, Presiding Judge.

Richard Hicks and Hicks & Associates, Inc., an insurance agency, have appealed from a judgment in the amount of $25,777.07 entered in according with a jury verdict finding the defendants failed to procure a replacement insurance policy for the plaintiff. In this appeal it is insisted a verdict should have been directed for the defendants because there was no proof from which a jury could find there was an implied contract between the parties obligating the defendants to procure insurance for the plaintiff.

■ The pertinent facts presented to the jury are as follows: The plaintiff, Luther Massengale, had an insurance policy on a 1975 Pontiac which had been procured by defendant, Richard Hicks, who formerly worked for the Caldwell & Associates Insurance Agency. Mr. Hicks had been the insurance agent for the Massengale family since July 1964. In July 1977, plaintiff received a notice of nonrenewal which stated the policy would expire at 12:01 A.M. Standard Time on September 12, 1977. On September 12, 1977, between 9:30 p. m. and 10:00 p. m. plaintiff was involved in an automobile accident which resulted in judgments against him totalling $22,427.07, damages to his car in the amount of $2,700.00, and he incurred $750.00 attorney fees. Immediately after receiving the notice, plaintiff's mother, Barbara Hutton, advised Richard Hicks about the notice. Mrs. Hutton testified that Mr. Hicks said he "would take care of it." On four other occasions Mrs. Hutton discussed the insurance policy with Mr. Hicks. The last mention of the policy was on Wednesday before the Friday accident. Also plaintiff, on two occasions, discussed with Mr. Hicks a policy replacement.

We find there is an abundance of evidence from which the jury could find that Richard Hicks did agree to procure replacement insurance. Appellants strenuously argue that both plaintiff and his mother knew that plaintiff would have to be covered by a nonstandard insurance policy which, before it could become effective, an application must be signed and premium paid in full. It is argued that because of this knowledge plaintiff knew that no insurance policy had ever been issued. The contract here is not that a policy of insurance had issued but that defendant Hicks' promises and actions were the insuring agreement relied upon by the plaintiff.

■ It is a universal general rule that an agent or broker of insurance who, with a view to compensation for his services, undertakes to procure insurance for another, and unjustifiably and through his fault or neglect, fails to do so, will be held liable for any damage resulting therefrom. See Broker's Failure to Procure Insurance, 64 A.L. R.3d 398, p. 410; 44 C.J.S. Insurance § 225; Appleman, Insurance Law and Practice § 8721, et seq.

■ Appellants further insist that the amount of money that two of the insured parties had received from their uninsured motorist carrier prior to the time the case was tried should be credited against or deducted from the judgment rendered against them. We find no merit in this insistence. By statute the uninsured motorist carrier who has paid under its policy has a right to subrogation. T.C.A. 56–7–1204. Further, by statute the payment by the uninsured motorist carrier in no way constitutes the satisfaction of the liability of the party responsible which is the plaintiff in this instant.

For the reasons given, the judgments are affirmed with costs taxed to appellants.

SANDERS and FRANKS, JJ., concur.