**Roland BELL and Linda Bell,
Plaintiffs/Appellees,**

v.

**WOOD INSURANCE AGENCY,
Defendant/Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 23, 1992.

Permission to Appeal Denied by
Supreme Court April 27, 1992.

Richard L. Hollow, John C. Duffy, Watson, Hollow & Reeves, Knoxville, for plaintiffs/appellees.

R. Franklin Norton, Gary G. Spangler, Knoxville, for defendant/appellant.

## OPINION

FRANKS, Judge.

The Chancellor awarded plaintiffs judgment against defendant agency in the amount of $33,558.84, which includes interest on the Judgment. Defendant has appealed. We affirm.

Plaintiffs operated Lynn's Video, which was burglarized in May of 1987, and virtually all of the inventory was stolen. Plaintiffs sued the agency and the insurance company for the loss of inventory. The insurance company settled, and following trial a judgment was entered against the agency.

The evidence is sharply disputed. Linda Bell testified that she repeatedly told the agent, Percy Williamson, that the theft coverage must protect the inventory worth approximately $30,000.00 and she had no experience in purchasing insurance but relied on Williamson's expertise to obtain the coverage she needed. Williamson filled out the application for insurance, but Bell neither read nor signed the application. Williamson testified he recalled plaintiffs settled on personal property fire coverage of $30,000.00, and $1,000.00 open stock burglary coverage. He explained that without an alarm system, he could not offer more theft protection.

A policy was mailed to plaintiffs which they superficially examined, and apparently concluded the limits of liability of $30,000.00 for personal property was also their limit for theft of the inventory. At the time of renewal, Bell testified she expressly asked Williamson to keep $30,000.00 coverage for the inventory.

Linda Bell testified that when she called Williamson to report the theft of the inventory, his first response was "Don't worry—you're covered", and instructed her to re-order her inventory. The following Monday, Williamson advised plaintiffs coverage was limited to $1,000.00.

Sitting without a jury, the Chancellor concluded plaintiffs' version of the representations about the transaction was more credible than Williamson's version, and entered judgment for plaintiffs. The evidence does not preponderate against the Chancellor's finding based upon the credibility of the witnesses. T.R.A.P. Rule 13(d), *See Tenn–Tex Properties v. Brownell–Electro*, 778 S.W.2d 423 (Tenn.1989).

■ It is the universal rule that an agent or broker of insurance who is compensated for his services and undertakes to procure insurance for another and unjustifiably fails, will be held liable for any damage resulting. *Massengale v. Hicks*, 639 S.W.2d 659 (Tenn.App.1982). In a recent case where an insurance agent promised full coverage for an insured's business and obtained a policy providing less than full coverage, the Supreme Court in *Bill Brown Construction Co. v. Glen Falls Insurance Co.*, 818 S.W.2d 1 (Tenn.1991), held:

> "We think it matters not whether the insurer places limitations on coverage in the insuring or exclusionary clauses of its own contract: reasonable reliance to the detriment of the insured has precisely the same result." 818 S.W.2d at 11.

Plaintiff repeatedly advised Williamson that coverage was needed for the entire inventory and the requirement was re-emphasized when the contract was renewed. The Chancellor in examining the policy found the numbers confusing, and was convinced that Mrs. Bell understood that she had $30,000.00 coverage for theft.

■ Mere failure to read and understand a policy may not be utilized to otherwise defeat a policy-holder's claim. *See Brewer v. Vanguard Insurance Co.*, 614 S.W.2d 360 (Tenn.App.1980). Moreover, the issue in cases of this nature is not only what the policy provides, but what the agent promised. *See Bill Brown Construction Co.*, and *Massengale.* The evidence does not preponderate against the Chancellor's finding that plaintiffs entrusted and relied on the agent Williamson to procure $30,000.00 in theft coverage, and that he failed to the plaintiffs' detriment.

■ The award of pre-judgment interest was not an abuse of discretion. Tennessee Code Annotated § 47–14–123 allows a trial judge to award pre-judgment interest in accordance with principles of equity. Since the failure of the business was caused at least in part by defendant's failure to secure the proper amount of coverage, the decision to award pre-judgment interest was appropriate. The Chancellor did not allow pre-judgment interest for the one year in which the case was non-suited.

■ As to the issue of $1,000.00 set-off, the amount paid by the insurance company under the policy, neither in the original pleadings nor in the motion to alter or amend the judgment was $1,000.00 set-off raised in the trial court. Accordingly, the issue is waived in this Court. T.R.C.P. 8.03.

The judgment of the Trial Court is affirmed and the cause remanded with costs of appeal assessed to the appellant.


GODDARD and McMURRAY, JJ., concur.