**Robert T. CAMPBELL and Janette Campbell, Plaintiffs,**

v.

**WHITE & ASSOCIATES INSURANCE AGENCY, INC. d/b/a Halls Insurance Company and Rain and Hail, LLC, Defendants.**

**No. 00–1361 BRE.**

United States District Court, W.D. Tennessee, Western Division.

Jan. 17, 2002.

J. Kimbrough Johnson, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BREEN, United States Magistrate Judge.

Before the court is the motion of defendant White & Associates Insurance Agency, Inc. d/b/a Halls Insurance Company ("White & Associates") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] For the reasons articulated herein, the motion is denied.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) provides that a

> ... judgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nomoving party may not rest on its pleadings but, rather, must present

Larry S. Banks, Brownsville, TN, C. Jerome Teel, Jr., Jackson, TN, for Plaintiffs.

---

1. The parties consented to the undersigned's handling of this case pursuant to 28 U.S.C. § 636(c)(1).

some "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." *Lord v. Saratoga Capital, Inc.,* 920 F.Supp. 840, 847 (W.D.Tenn.1995) (citing *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989)). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). The "judge may not make credibility determinations or weigh the evidence." *Adams v. Metiva,* 31 F.3d 375, 379 (6th Cir.1994).

### FACTS AND PROCEDURAL BACKGROUND

The facts of this case are basically undisputed. Plaintiffs, Robert and Janette Campbell collectively referred to as ("Campbell"), reside in Haywood County, Tennessee and engage in agricultural operations on several farms located in Haywood, Fayette, and Hardeman counties in Tennessee, including Farm No. 3310 in Hardeman County, which is the subject of the instant lawsuit. (Compl. at ¶ 1.) Defendant White & Associates is an insur-

ance agency doing business in Dyersburg and Halls, Tennessee. (Compl. at ¶ 2.) Defendant Rain and Hail, LLC ("Rain and Hail") is a limited liability company whose home office is located in Iowa and which does business in Tennessee by and through White & Associates. (Compl. at ¶ 3.) The defendants are in the business of, among other things, writing crop insurance for farmers in western Tennessee. In 1999, plaintiffs obtained a crop insurance policy through White & Associates as agent for Rain and Hail to insure against crop loss for that year. (Compl. at ¶ 4.)

At the time plaintiffs took out the policy, Bill Spiller of Halls Insurance Agency asked Robert Campbell for the amount of acreage he would have in crops in each of the three counties. He told the agent that he did not know what the acreages were but would obtain the information for him. Plaintiffs aver that Spiller told Campbell "to more or less not worry about it; that when [Campbell] certified through the [Farm Service Agency ('FSA')] Office by July the 15th, that [Spiller] would pull my acreages from that report that I would make to FSA." (Dep. of Robert T. Campbell at p. 14.) Prior to July 15, 1999, plaintiff certified actual acreages with the FSA as to his farms located in Fayette and Haywood counties. (Dep. of Robert T. Campbell at p. 17.) With respect to Farm No. 3310, however, Campbell reported to the agency that he did not know what the acreage was. He asked for a measurement by the agency of that particular farm in order to determine the exact acreage. (Dep. of Robert T. Campbell at p. 12.) The FSA officer in Hardeman County permitted plaintiff to sign documentation that he had certified Farm No. 3310 and it was understood that FSA would fill in the acreage after the measurement was performed. (Dep. of Robert T. Campbell at p. 12.) Farm No. 3310 was the only parcel as to which Campbell was unable to certify the

acreage prior to July 15. (Dep. of Robert T. Campbell at p. 17.) Plaintiff conceded that he knew from past experience with crop insurance that he was required to report to FSA the amount of planted acreage by a certain date. He did not, he insisted, understand that he must report the information to other parties. (Dep. of Robert T. Campbell at p. 11.) Rather, it was Campbell's understanding that if he reported the information to the FSA office, the insurance company would in turn obtain the information from the agency. (Dep. of Robert T. Campbell at p. 11.) Campbell admitted that, if Spiller or anyone else had gone to the FSA office in Hardeman County on July 15, 1999, there would have been no way for that person to ascertain the actual acreage planted on Farm No. 3310. (Dep. of Robert T. Campbell at p. 22.) The plaintiff did not become aware of the crop loss at Farm No. 3310 until he began harvesting beans in mid to late October 1999. (Dep. of Robert T. Campbell at p. 37.) The measurement of the acreage planted on Farm No. 3310 was completed on October 28, 1999 and recorded in the FSA office on November 3, 1999. (Dep. of Robert T. Campbell at pp. 21–22.) Campbell was not aware there was a problem with the insurance on Farm No. 3310 until he was informed by an adjuster for Rain and Hail that that particular farm was not covered under the policy. (Dep. of Robert T. Campbell at p. 19.) Plaintiffs claim that, at some point after his conversation with the adjuster, Campbell contacted Spiller who "more or less told [him] at this time this wasn't a problem; that this could be corrected. Nothing to worry about." (Dep. of Robert T. Campbell at pp. 25–26.) Rain and Hail denied plaintiff's crop loss claim as to Farm No. 3310 on the grounds that the number of acres planted in soybeans was not reported in a timely fashion. The plaintiff submitted crop loss claims as to other tracts, some of which were also located in Hardeman County, on which he was paid or received credit. (Dep. of Robert T. Campbell at pp. 23–24.) On August 15, 2000, plaintiffs filed a complaint in the Chancery Court of Haywood County, Tennessee, alleging negligence and/or breach of contract. Specifically, Campbell claimed that the defendant insurance agency offered to obtain relevant information concerning plaintiff's operations and, based upon that information, procure insurance to cover any loss sustained by the plaintiffs in 1999. The agency's failure to obtain information relative to all of plaintiff's farms and particularly Farm No. 3310 resulted in a loss that would have been covered by insurance had the applications been correct. The matter was removed to this court on December 29, 2000.

In diversity cases, the court is to apply the same law, including choice of law rules, that would be applied in state court. *Kipin Indus., Inc. v. Van Deilen Int'l, Inc.,* 182 F.3d 490, 493 (6th Cir.1999). In Tennessee, tort actions are governed by the law of the place where the alleged wrong occurred, which is, in this case, Tennessee. *See Integrity Ins. Co. v. Dudney,* 745 F.Supp. 1299, 1307 (M.D.Tenn. 1990). Neither party disputes that Tennessee law applies in this case.

Defendant bases its argument in favor of summary judgment on Tennessee Code Annotated Section 56–6–147, which provides as follows:

> Every insurance agent or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy arising from the application for insurance or any policy issued in connection therewith between the insured or insured's beneficiary and the insurer, be regarded as the agent of the insurer and not the insured or insured's beneficiary. This

provision shall not affect the apparent authority of an agent.

Tenn.Code Ann. 56–6–147 (2000 Repl.). "[T]his statute was intended to protect consumers by binding insurance companies to the representations of local, sometimes unethical, solicitors." *Royal Surplus Lines Ins. v. Sofamor Danek Group*, 190 F.R.D. 463, 470 (W.D.Tenn.1999). Defendant contends that, based on the statute, there can be no liability on the part of White & Associates, which was only acting on behalf of its principal, Rain and Hail.

█ However, as the plaintiffs have noted in their response to the instant motion, courts in Tennessee have followed the general rule that "an agent or broker of insurance who, with a view to compensation for his services, undertakes to procure insurance for another, and unjustifiably and through his fault or neglect, fails to do so, will be held liable for any damage resulting therefrom." *Massengale v. Hicks*, 639 S.W.2d 659, 660 (Tenn.Ct.App.1982); *see also Wood v. Newman, Hayes & Dixon Ins. Agency*, 905 S.W.2d 559, 562 (Tenn. 1995) ("It is also well established that an insurance agent employed to maintain insurance coverage for a client may be held liable on a negligence theory if the agent fails to use reasonable care and diligence in continuing the insurance, either by obtaining a renewal or replacement policy or by properly maintaining an existing policy"); *Kosloff v. State Auto. Mut. Ins. Co.*, No. 89–152–II, 1989 WL 144006, at *5 (Tenn.Ct.App. Dec.1, 1989) (with proper proof, an agent may be liable for obtaining insurance with different terms than agreed, for failing to procure a policy with the coverages requested, and for misrepresenting the scope of a policy's coverage, citing cases); *Magnavox Co. v. Boles & Hite Constr. Co.*, 585 S.W.2d 622, 627 (Tenn.Ct.App.1979) ("when [agent] undertook to provide [insured] with complete liability coverage he had a duty to ascertain the required coverages").

In its reply to the plaintiffs' response to the motion for summary judgment, defendant takes issue with the cases cited by plaintiffs for two reasons. First, White & Associates insists that this is not a lawsuit in which cases for negligent failure to procure insurance are applicable because there was a policy in full force and effect at the time of the loss upon which the suit was based. The court, regretfully, does not follow defendant's logic. While there certainly was a crop insurance policy in effect, there was no coverage for Farm No. 3310. This lack of coverage was, Campbell has alleged, the result of the agency's failure to procure insurance covering the parcel as plaintiffs intended.

Second, defendant suggests that the cases do not, and indeed could not, involve liability on the part of *both* an insurer *and* an agent, as any wrongdoing on the part of the agent must be imputed to the insurer. Defendant specifically cites *Magnavox*, noting that the court held that the agent's negligence was the responsibility of the insurance company. A closer reading of the case reveals, however, that the court observed that the agent, upon undertaking to provide the insured with complete coverage, had a duty to ascertain what type of coverage was required. The court went on to say that the agent's "omission is *likewise* the responsibility of the insurance company." *Magnavox Co.*, 585 S.W.2d at 627. The defendant also avers that the remaining cases relied upon by plaintiffs involved suits against an agent only. However, in *Bell v. Wood Insurance Agency*, 829 S.W.2d 153 (Tenn.Ct.App.1992) *app. denied* (Apr. 27, 1992), cited by plaintiffs, suit was originally brought against *both* the insurance agency *and* the insurer. The insurer settled and the case against the agency proceeded to trial. *Bell*, 829 S.W.2d at 154. In *Bell*, the plaintiff, who owned a video store, informed her agent that she needed theft coverage to protect

inventory worth approximately $30,000. The agent recalled that the plaintiff settled on personal property fire coverage of $30,000 and $1,000 in open stock burglary coverage. He explained that, as the store had no alarm system, he could not offer additional theft protection. *Id.* When the store was burglarized and almost all the inventory stolen, Bell called the agent to report the theft and was told not to worry, that she was covered, and to reorder the inventory. *Id.* A few days later, the agent informed the plaintiff that her coverage was limited to $1,000. The court, citing *Massengale,* found that Bell repeatedly advised her agent that coverage was needed for the entire inventory, that she relied on the agent to procure $30,000 in theft coverage, and that he failed to do so to plaintiff's detriment. *Id.* Thus, the appellate court affirmed the trial judge's award against the insurance agency.

Other Tennessee cases located by the court are also informative. In *Citizens Bank of Elizabethton v. Aetna Cas. & Sur. Co.,* No. C/A 72, 1990 WL 67297, at *1 (Tenn.Ct.App. May 23, 1990), the plaintiff-mortgagee was awarded judgment against an insurance agency, Broadus–Anderson & Associates, for negligently failing to transfer the mortgagee as loss payee from one policy to another and against Aetna under its contract of insurance. Broadus–Anderson, an agent for both Aetna and Standard Fire Insurance Company, which was also named as a defendant, issued policies concerning a certain piece of property through both insurers. When the home was destroyed by fire, neither insurer honored the claim. The agency was found to have been negligent and Aetna and Standard were held vicariously liable for the agent's negligent handling of the matter. On appeal, Broadus–Anderson argued that, as the plaintiff had been made whole under its contract with Aetna, no damage resulted to the plaintiff for its conduct. However, the court found that Broadus–Anderson negligently assured the plaintiff that it was covered under both policies and that the plaintiff was directly harmed by that negligence, stating that "[h]ad Broadus placed plaintiff on the homeowner's policy, plaintiff would not have been embroiled in the controversy over whether Aetna's policy had been cancelled or if Standard's coverage was applicable." *Citizens Bank of Elizabethton,* 1990 WL 67297 at *2. "An agent cannot escape liability for its tortious acts against third parties although it acts within the scope of the agency." *Id.*

In *Kosloff,* the agent obtained two insurance policies to replace cancelled policies on plaintiff's home and 42–foot boat. State Automobile Mutual Insurance Company issued a policy for the boat and Southern Home Insurance Company issued a homeowner's policy covering her house and personal property. The agent assured the plaintiff that State Automobile's policy did not exclude damages caused by freezing and that Southern Home's policy covered personal property on the boat. After the boat sank, plaintiff filed claims under both policies, which were denied. *Kosloff,* 1989 WL 144006, at *1. Plaintiff sued the insurers and amended her complaint to add the agent as a defendant. The court determined that plaintiff had a claim against the insurance agent independent of those against the insurers on the grounds that the agent promised plaintiff it would obtain replacement policies with identical coverage and that she relied on the agent's representations concerning coverage to her detriment. *Id.* at *5.

In sum, and upon review of the applicable Tennessee law, the court does not agree with White & Associates that it cannot, as a matter of law, remain as a defendant in this lawsuit. It is further the opinion of the court that, viewing the evidence in the light most favorable to the

plaintiff, a finder of fact could conclude that Spiller did in fact agree to procure crop insurance for Campbell to cover all of his fields, including that designated as Farm No. 3310. According to plaintiff's deposition testimony, Spiller told him that he would obtain the information he needed to write the policy from the FSA for all of the tracts and there is no evidence that the agent ever informed Campbell that the parcel located in Hardeman County was not insured. Thus, summary judgment is not appropriate.