IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 2, 2020 Session[1]

## TALAT PARVEEN, ET AL. v. ACG SOUTH INSURANCE AGENCY, LLC, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Washington County**
No. 36261     J. Eddie Lauderback, Judge

_____

**No. E2018-01759-SC-R11-CV**

_____

The present appeal concerns an insurance agent's alleged negligent failure to procure excess uninsured motorist coverage in accordance with a prospective insured's instructions. The two insured parties, a married couple, filed suit against their insurance agent and agency after they were denied coverage by the insurance carrier. The trial court found that it was undisputed that the insureds had paid the premium for the policy in effect and applied Tennessee Code Annotated section 56-7-135(b), which provides: "The payment of premium for an insurance contract, or amendment thereto, by an insured shall create a rebuttable presumption that the coverage provided has been accepted by all insureds under the contract." The trial court determined that the insureds had failed to rebut the statutory presumption that they had accepted the provided coverage, which did not include excess uninsured motorist coverage. Therefore, the trial court granted the insurance agent's motion for summary judgment. The Court of Appeals, however, reversed, concluding that the rebuttable presumption does not apply to actions against an insurance agent. We granted the ensuing application for permission to appeal to address whether section 56-7-135(b) applies to create a rebuttable presumption in actions against an insurance agent for negligent failure to procure an insurance policy as directed. Considering the plain language of the statute, we conclude that it does create such a presumption. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court granting summary judgment.

---

[1] We heard oral argument through videoconference under this Court's emergency orders restricting court proceedings because of the COVID-19 pandemic.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Judgment of the Trial Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Charles W. Cook, III, and Rocklan W. King, III, Nashville, Tennessee, for the appellants, Jeffrey Norris and ACG South Insurance Agency, LLC.

W. Lewis Jenkins, Jr., Dyersburg, Tennessee, and F. Braxton Terry, Morristown, Tennessee, for the appellees, Khurshid Shaukat and Talat Parveen.

Julie P. Bowling, Columbia, Tennessee, and James Robert Layman, C.E. Hunter Brush, and Hannah Kay Hunt Freeman, Nashville, Tennessee, for amici curiae American Property Casualty Insurance Association, Independent Insurance Agents of Tennessee, Inc., and Tennessee Farmers Mutual Insurance Company.

## OPINION

### I. FACTUAL & PROCEDURAL BACKGROUND

This case arises from the purchase of a personal umbrella insurance policy. Dr. Talat Parveen and Mr. Khurshid Shaukat (collectively, "Insureds"), a married couple, moved to Johnson City, Tennessee, from Georgia in 2013.[2]

While residing in Georgia, the couple was insured by State Farm Fire and Casualty Company and specifically possessed a personal umbrella liability policy that provided $2,000,000 in excess uninsured motorist coverage. The quotes received by the Insureds and subsequent policy documents and declarations pages for the State Farm umbrella policy showed excess uninsured motorist coverage as a separate line item with a separate premium amount for such coverage. The Insureds received these declarations pages annually from 2009 to 2012. The umbrella policy alone would only pay third parties for

---

[2] As the trial court noted, "The material facts in this case are virtually undisputed." We have primarily used the parties' statements of undisputed facts in our recitation of the factual background herein. Because the present case was decided on summary judgment, we view the evidence in a light most favorable to the Insureds as the nonmoving parties. *Robinson v. Omer*, 952 S.W.2d 423, 424-25 (Tenn. 1997). For a more detailed recitation of the deposition testimony see the Court of Appeals' opinion, *Parveen v. ACG S. Ins. Agency*, No. E2018-01759-COA-R3-CV, 2019 WL 5700048, at *2-3 (Tenn. Ct. App. Nov. 5, 2019), *perm. app. granted* (Tenn. Mar. 26, 2020).

claims against the Insureds—losses for which one of the Insureds was held liable. However, as the name indicates, the excess uninsured motorist coverage would compensate the Insureds for claims against uninsured or underinsured motorists that exceeded the amount of uninsured motorist coverage under their automobile policies.

After relocating to Johnson City in March 2013, Mr. Shaukat scheduled a meeting with Jeffrey Norris, who was an insurance agent for ACG South Insurance Agency, LLC ("ACG"). Mr. Shaukat intended to obtain replacement auto, umbrella, and renters insurance policies—a task that Dr. Parveen agreed he undertook on her behalf as well. Notably, Mr. Shaukat maintains that during this roughly thirty-minute meeting, he provided Mr. Norris with a copy of his State Farm umbrella policy and explained that the Insureds wanted the exact same coverage in Tennessee. Mr. Norris, however, has consistently denied this claim.

As is pertinent to this appeal, Mr. Norris provided Mr. Shaukat with a quote for a personal umbrella policy through Safeco Insurance Company of America ("Safeco"). A copy of the quote provided to Mr. Shaukat reveals no separate line item for excess uninsured motorist coverage, nor did the policy's premium reflect the inclusion of such coverage.[3] Indeed, the parties agree that the quoted policy did not include excess uninsured motorist coverage as the Insureds allegedly requested. Even so, Mr. Shaukat accepted coverage and purchased the Safeco umbrella policy, among other insurance policies, that day. The Insureds received a copy of the policy and a declarations page and paid the premiums, which did not include a charge for excess uninsured motorist coverage.

The Insureds renewed the Safeco umbrella policy and paid the premiums in 2014 and again in 2015. Each subsequent notice of renewal included a copy of the policy and a declarations page, which did not list excess uninsured motorist coverage as a separate line item. Moreover, the policy itself specifically contained the following exclusion:

This policy does not apply to any:

. . . .

7. amounts payable under any:

. . . .

_____

[3] The record indicates that the total annual premium for the Safeco umbrella policy was $296; however, the premium for the State Farm umbrella policy the Insureds obtained in Georgia was $603.

- 3 -

b. Uninsured Motorists or Underinsured Motorists coverage or
any similar coverage, unless this policy is endorsed to provide
such coverage as shown in the Declarations.

On November 10, 2015, while the Safeco policy was in force, Dr. Parveen was involved in an automobile accident. Dr. Parveen sustained personal injuries, and her vehicle was totaled as a result of the crash. The Insureds then discovered that the driver of the wrecker vehicle who caused the accident was underinsured. In a later meeting with Mr. Norris, they further discovered that the Safeco umbrella policy in effect did not include excess uninsured motorist coverage. At that time, Mr. Shaukat requested that such coverage be added to their umbrella policy and paid the premium, though he was informed that the coverage was not retroactive.

In February 2016, the Insureds filed an action in the Circuit Court for Washington County against the driver and the wrecker service company that owned the wrecker vehicle seeking damages related to the November 2015 collision. They also served Safeco with a copy of the complaint. *See* Tenn. Code Ann. § 56-7-1206(a) (2016). The trial court granted summary judgment in favor of Safeco because the insurance policy in effect at the time of the accident did not include excess uninsured motorist coverage. It appears that the Insureds reached a settlement agreement with the remaining parties, and the case was later dismissed.

In December 2016, the Insureds filed the present action in the Washington County Circuit Court against ACG and Mr. Norris (collectively, "Appellants").[4] The complaint alleged that Mr. Norris negligently failed to procure the requested excess uninsured motorist coverage as a part of the Safeco umbrella insurance policy.[5] The Insureds sought damages from the Appellants "in an amount no less than One Million Dollars ($1,000,000)."

---

[4] The complaint also listed American Automobile Association, Inc., as a defendant; however, it was later voluntarily dismissed.

[5] The Insureds later filed an amended complaint, which, among other things, clarified their allegation that during the initial meeting between Mr. Norris and Mr. Shaukat, Mr. Shaukat "requested uninsured motorist coverage and gave Mr. Norris a copy of his existing policy and requested that same coverage."

- 4 -

Following discovery, Appellants moved for summary judgment. Specifically, Appellants cited to Tennessee Code Annotated section 56-7-135 (2016)[6] and argued that summary judgment must be granted because the Insureds could not overcome the statutory presumption that, by paying the premiums for the Safeco umbrella policy, they accepted the personal umbrella policy without excess uninsured motorist coverage.

The trial court granted Appellants' motion for summary judgment, finding that it was undisputed that the Insureds had paid the premiums for the policies in effect in 2013, 2014, and 2015. The court concluded that Tennessee Code Annotated section 56-7-135(b) thereby created a rebuttable presumption that the Insureds had accepted the provided coverage, which did not include excess uninsured motorist coverage. It further determined that the Insureds had not presented evidence to rebut the presumption and that, therefore, summary judgment was appropriate.

The Court of Appeals, however, reversed the trial court's grant of summary judgment. *Parveen v. ACG S. Ins. Agency*, No. E2018-01759-COA-R3-CV, 2019 WL 5700048, at *6 (Tenn. Ct. App. Nov. 5, 2019), *perm. app. granted,* (Tenn. Mar. 26, 2020). It determined that the statutory presumption does not apply to actions against an insurance agent and, consequently, remanded the case to the trial court. *Id.*

We granted the Appellants' ensuing application for permission to appeal to address whether the rebuttable presumption in Tennessee Code Annotated section 56-7-135(b) applies in actions against an insurance agent for failure to procure a policy in accordance with an insured party's instructions.

## II. STANDARD OF REVIEW

This appeal originates from the trial court's grant of the Appellants' motion for summary judgment and the Court of Appeals' reversal of the trial court's order. We review the grant of a motion for summary judgment de novo with no presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Under Rule 56.04 of the Tennessee Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. On appeal, we must determine whether the moving party satisfied its burden of production "(1) by affirmatively negating

---

[6] We note that, although Dr. Parveen's accident occurred prior to 2016, the statute has not been changed since it was enacted in 2012. We, therefore, cite to the most recent publication of the statute.

an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis omitted).

More specifically, the issue presented for review concerns statutory construction, which presents a question of law, and we likewise review such questions de novo with no presumption of correctness. *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015) (citing *State v. Springer*, 406 S.W.3d 526, 532-33 (Tenn. 2013); *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010); *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004)); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

### III. ANALYSIS

We begin with the language of the statute at issue. Tennessee Code Annotated section 56-7-135 provides as follows:

(a) The signature of an applicant for or party to an insurance contract on an application, amendment, or other document stating the type, amount, or terms and conditions of coverage, shall create a rebuttable presumption that the statements provided by the person bind all insureds under the contract and that the person signing such document has read, understands, and accepts the contents of such document.

(b) The payment of premium for an insurance contract, or amendment thereto, by an insured shall create a rebuttable presumption that the coverage provided has been accepted by all insureds under the contract.

The section provides for two rebuttable presumptions, but the specific question before us concerns subsection (b).

The present case involves a claim by the Insureds against their insurance agent. As this Court has explained before, "[a] cause of action for failure to procure insurance is separate and distinct from any cause of action against an insurer or a proposed insurer; in a failure to procure claim, 'the agent, rather than [the] insurance company, is independently liable.'" *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011) (alteration in original) (quoting 43 Am. Jur. 2d *Insurance* § 163 (2003)). With this in mind, we restate the issue, which is one of first impression for this Court: Whether section 56-7-135(b)'s rebuttable presumption of acceptance of the policy terms by payment of premiums applies equally to

an insured's action against an agent for negligent failure to procure requested coverage as it does to an action against a carrier for coverage under the policy.

The Insureds argue that the rebuttable presumption does not apply to cases against the insurance agent. Appellants, however, argue that the rebuttable presumption does apply. Appellants further direct this Court's attention to the trial court's conclusion that if the statutory presumption applies, Appellants would necessarily be entitled to summary judgment because the Insureds presented no evidence to rebut the presumption. The Insureds admitted as much at oral argument before this Court, so we agree that our resolution of the question outlined above is outcome-determinative.

When engaging in statutory interpretation, "well-defined precepts" apply. *State v. Frazier*, 558 S.W.3d 145, 152 (Tenn. 2018) (quoting *Tenn. Dep't of Corr. v. Pressley*, 528 S.W.3d 506, 512 (Tenn. 2017)); *State v. Howard*, 504 S.W.3d 260, 269 (Tenn. 2016); *State v. McNack*, 356 S.W.3d 906, 908 (Tenn. 2011). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Howard*, 504 S.W.3d at 269 (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)); *Carter*, 279 S.W.3d at 564 (citing *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008)). In construing statutes, Tennessee law provides that "courts are to avoid a construction that leads to absurd results." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 872 (Tenn. 2016) (citing *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010)). "Furthermore, the 'common law is not displaced by a legislative enactment, except to the extent required by the statute itself.'" *Wlodarz v. State*, 361 S.W.3d 490, 496 (Tenn. 2012) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 679 (Tenn. 2002)), *abrogated on other grounds by Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016).

"When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language . . . ." *Carter*, 279 S.W.3d at 564; *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). A statute is ambiguous when "the parties derive different interpretations from the statutory language." *Howard*, 504 S.W.3d at 270 (quoting *Owens*, 908 S.W.2d at 926).

> However, [t]his proposition does not mean that an ambiguity exists merely because the parties proffer different interpretations of a statute. A party cannot create an ambiguity by presenting a nonsensical or clearly erroneous interpretation of a statute. In other words, both interpretations must be reasonable in order for an ambiguity to exist.

*Frazier*, 558 S.W.3d at 152 (quoting *Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011)) (internal quotation marks omitted). If a statute is ambiguous, the Court "'may reference the broader statutory scheme, the history of the legislation, or other sources' to determine the statute's meaning." *Id*. (quoting *Sherman*, 266 S.W.3d at 401).

In reversing the trial court's grant of summary judgment, the Court of Appeals specifically focused on the statute's use of the phrase "under the contract." It explained as follows:

> Upon a review of the statute at issue, we determine that Tennessee Code Annotated [section] 56-7-135(b) is unambiguous. The plain and unambiguous language contained in Tennessee Code Annotated [section] 56-7-135(b) creates a rebuttable presumption that a party has accepted the coverage provided in the policy upon payment of an insurance premium by the insured parties "under the contract." In analyzing the statutory subsection at issue, our General Assembly included the phrase "under the contract" and that phrase must be given full effect. In looking at the statute as a whole, subsection (a) also includes language related to the insurance contract.
>
> Construing the statute at issue and giving effect to each word of the statute, we determine that by including language regarding the insurance contract, our General Assembly intended to restrict the application of the statute to actions between the parties to the insurance contract. As such, we conclude that the rebuttable presumption in Tennessee Code Annotated [section] 56-7-135(b) applies only to actions between the parties to an insurance contract, which includes the insurance carrier and the insured parties. The insurance agent obtaining the insurance policy for the insured is not a party to the insurance contract. Therefore, the rebuttable presumption created by Tennessee Code Annotated [section] 56-7-135 does not apply to actions brought against an insurance agent who failed to procure the insurance coverage as directed by the insured. Because Tennessee Code Annotated [section] 56-7-135 is not applicable to actions directly against insurance agents, we determine that the Trial Court erred by applying the rebuttable presumption in this action and reverse the Trial Court's summary judgment.

*Parveen*, 2019 WL 5700048, at *6.

Appellants take issue with the decision of the Court of Appeals for several reasons, but most significantly, the Appellants argue that the Court of Appeals erred by isolating the phrase "under the contract" when interpreting subsection (b), resulting in a forced interpretation. According to Appellants, this particular language from subsection (b) merely defines the class of persons to whom the presumption applies, not any particular claim or legal theory to which the presumption applies.

Our reading of the plain language of the subject statute inclines us to agree with the Appellants' position. The Court of Appeals' reading of the statutory language and its over-emphasis of the phrase "under the contract" is puzzling. It is true that each word of the statute—including the phrase "under the contract"—should be given full effect. *See In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005) ("Every word used is presumed to have meaning and purpose, and should be given full effect if so doing does not violate the obvious intention of the Legislature." (quoting *Marsh v. Henderson,* 424 S.W.2d 193, 196 (1968))). Still, we also find it relevant and take notice of the order in which the words of the statute are written. *See Coleman v. Olson*, 551 S.W.3d 686, 694 (Tenn. 2018) ("In determining legislative intent, we first must look to the text of the statute and give the words of the statute their natural and ordinary meaning in the context in which they appear . . . ." (internal quotation marks omitted)).

Again, the single statutory sentence at issue here states: "The payment of premium for an insurance contract, or amendment thereto, by an insured shall create a rebuttable presumption that the coverage provided has been accepted by all insureds under the contract." Tenn. Code Ann. § 56-7-135(b). The phrase "under the contract" immediately follows and simply modifies the word "insureds." In our view, it clearly refers only to those against whom the rebuttable presumption applies—"all insureds"—and not to the persons or entities by whom the presumption may be asserted. Stated another way, the inclusion of the phrase "under the contract" in subsection (b) serves to clarify that the presumption only applies *against* those insured under the contract, not third parties. So, as applied here, when Mr. Shaukat paid the annual premium, the rebuttable presumption was triggered "that the coverage provided ha[d] been accepted by all insureds[, Mr. Shaukat and Dr. Parveen,] under the contract[, the Safeco umbrella policy]." *See Harris v. Nationwide Mut. Fire Ins. Co.*, 92 F. Supp. 3d 736, 746-47 (M.D. Tenn. 2015), *aff'd,* 832 F.3d 593 (6th Cir. 2016) (applying Tennessee Code Annotated section 56-7-135(b)'s rebuttable presumption to a claim against both an insurer and an insurance broker and concluding that insureds failed to rebut the statutory presumption).[7]

---

[7] The federal district court in *Harris* effectively applied this statute to an action against an insurance agent for failure to procure. *Harris*, 92 F. Supp. 3d at 746-47. However, noting that the plaintiff in *Harris*

In addition to their argument adopted by the Court of Appeals, the Insureds argue at length that this reading of the statute—allowing its invocation by or on behalf of an insurance agent who is not a party to the insurance contract—is a derogation of the common law and, consequently, the statute would have to expressly so provide. *See Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995) ("Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms . . . ."). According to the Insureds, the common law elements of a claim against an insurance agent for failure to procure the requested insurance[8] focus exclusively on the actions of the insurance agent and that, under the common law, the actions of the purchaser are irrelevant. *See, e.g.*, *Morrison*, 338 S.W.3d at 429 ("[T]he best practice is to always read every word of every document before signing. . . . Nevertheless, the failure to read does not insulate agents from a suit based upon the procurement of a contestable policy."); *Bell v. Wood Ins. Agency*, 829 S.W.2d 153, 154 (Tenn. Ct. App. 1992) ("Mere failure to read and understand a policy may not be utilized to otherwise defeat a policy-holder's claim."). Thus, they argue, "a statute that focuses on the actions of the insured does not address itself, plainly and on its face, to the actions of the agent."

We disagree. The statutory language is clear. The legislature was not required to expressly state all persons or entities by whom the presumption may be asserted. In fact, the Court of Appeals improperly altered the meaning of the statutory language by isolating the words "under the contract," resulting in an overly restrictive reading of the statute— that section 56-7-135(b) applies only to actions between the insurance carrier and the insured parties. If the legislature had intended to limit subsection (b)'s rebuttable presumption to actions against certain persons or entities—particularly against the

---

had not challenged the statutory presumption's applicability, the Court of Appeals in this case declined to follow the district court's decision. *Parveen*, 2019 WL 5700048, at *5. We acknowledge that, although *Harris* does support our decision today, the case fails to contain any analysis of the present issue.

[8] As this Court formally adopted in *Morrison*, 338 S.W.3d at 426, the common law elements of a failure to procure claim are as follows:

(1) an undertaking or agreement by the agent or broker to procure insurance;

(2) the agent's or broker's failure to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly of any such failure; and

(3) that the agent's or broker's actions warranted the client's assumption that he or she was properly insured.

(citing 43 Am.Jur.2d Insurance § 163).

- 10 -

insurance carrier as the Insureds have suggested—it certainly could have done so. The statute, however, is silent as to the types of legal claims to which the rebuttable presumption applies and as to which persons or entities may rely on the presumption. This clearly suggests that where the acceptance of coverage by the insureds under the contract is called into question, the rebuttable presumption contemplated in subsection (b) is applicable.

Further, we disagree with the Insureds' characterization of our reading of the statute as a significant change to the common law or even as "rejecting" the common law. Section 56-7-135(b) does not repeal a common law cause of action against insurance agents, but it merely acts as a burden-shifting statute. We reiterate that the plain language of subsection (b) creates a rebuttable presumption that the insureds have accepted the terms of the insurance contract. It does not leave insureds without redress against a negligent agent who fails to procure the coverage requested. The language of the statute still permits such an insured to present evidence to rebut the presumption that, by paying their premiums, they accepted the insurance contract as written.[9] The Insureds in the case before us have not done so.

Finally, the Insureds have raised before this Court, as they did before the Court of Appeals, what they consider to be a "contextual" argument. They note the timing of the passage of section 56-7-135—approximately two months after this Court announced its decision in *Allstate Insurance Co. v. Tarrant*, 363 S.W.3d 508 (Tenn. 2012). Rather than a claim directly against an insurance agent, *Tarrant* involved a claim asserting an insurance carrier's vicarious liability under an insurance policy based on an agent's conduct. *Id.* at 511. The Insureds contend that section 56-7-135 was clearly enacted in response to *Tarrant*[10] and that, because *Tarrant* only involved claims against an insurance carrier, the statute was likewise only intended to apply to such claims.

Again, we disagree. The Insureds would like to see a distinction drawn between claims against the insurer and claims against the agent—allowing the insurer to benefit from the statutory rebuttable presumption while ensuring that the agent remains liable for his or her negligence. This, however, is not what our legislature has done. We refer back to our response above: If the legislature had intended to limit subsection (b)'s rebuttable

---

[9] We expressly decline to opine on the type of evidence or level of proof required to rebut the presumption. That question is not before us today.

[10] The Insureds claim that their argument is based entirely on the timing of the statute's enactment and not based on the actual legislative history of the statute. In fact, the parties made much of the legislative history of the statute in their briefs on appeal; however, they seemingly agreed at oral argument that the legislative history was particularly unhelpful here. We must agree, and we need not refer to it.

presumption to actions against certain persons or entities, it certainly could have done so, but the statute is silent as to the types of legal claims to which the rebuttable presumption applies and as to which persons or entities may rely on it.

We, therefore, conclude that the Court of Appeals erred in construing the language of Tennessee Code Annotated section 56-7-135. The statutory language does not limit subsection (b)'s rebuttable presumption to claims against insurance carriers. It also applies to failure to procure claims against agents. As such, the trial court properly applied the statutory presumption of acceptance of the policy terms by payment of premiums against the Insureds in this case.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the rebuttable presumption articulated in Tennessee Code Annotated section 56-7-135(b) does apply to actions against an insurance agent by insureds under the contract of insurance for negligent failure to procure an insurance policy as directed. Therefore, because the Insureds failed to rebut the statutory presumption, the trial court properly granted the Appellants' motion for summary judgment. Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the trial court is reinstated. The costs of this appeal are taxed to the appellees, Khurshid Shaukat and Talat Parveen, for which execution may issue if necessary.

_____
ROGER A. PAGE, JUSTICE